ELIZA A. BLANEY *vs.* JOHN H. BLANEY.

Suffolk.   Nov. 12, 1878. — Jan. 28, 1879.   COLT, MORTON & SOULE, JJ., absent.

Evidence that a husband had been grossly intoxicated as often as three or four times a year for a period of twelve or fifteen years, and remained in that condition from seven to ten days on each occasion; that at such times he went or was sent to an asylum for inebriates; that when the desire for drink came upon him he could not resist; that a single glass of liquor would bring on excessive drinking and a renewal of gross intoxication; that there had been no apparent improvement in his habits in this respect; and that any undue excitement made him drink, is sufficient to justify a finding that he had contracted such gross and confirmed habits of intoxication as entitled the wife to a divorce, under the St. of 1870, c. 404.

LIBEL for divorce from the bond of matrimony, filed October 20, 1877, alleging that the libellee had contracted gross and confirmed habits of intoxication.

At the hearing, before *Colt,* J., it appeared that the libellee was a person who, for a period of twelve or fifteen years last past, not exceeding three or four times a year, became grossly intoxicated, and on each of these occasions remained in that condition from seven to ten days; and that on such occasions he went or was sent to the Washingtonian Home in Boston. Albert Day, the superintendent and physician at that institution, testified that the libellee had been under his charge for years past, and had been benefited while there; that he considered him as belonging to a class of inebriates which he designated as periodical drunkards; that such a man could not resist when a desire for drink came upon him; that a single glass would bring on excessive drinking with him, and a renewal of his gross intoxication; that many of that class of drunkards are cured of their propensity by utterly abstaining from intoxicating drink; that the occurrence of these spells becomes less frequent as the patient grows older; and that between the spells the patient will drink nothing. It further appeared, that from December 1876, to February 1878, the libellee had had five drinking spells; and that any undue excitement made him drink.

Upon this evidence, the libellee requested the judge to rule,

as matter of law, that the charge in the libel was not sustained. But the judge ruled otherwise, and found, as a fact, that the libellee had contracted such gross and confirmed habits of intoxication as entitled the libellant to a divorce.   The libellee alleged exceptions.

*F. C. Welch*, for the libellee.

*I. H. Wright*, for the libellant.

AMES, J.    The statute which makes gross and confirmed habits of intoxication a ground of divorce does not undertake to define those terms, and they probably do not admit of precise definition.   It does not point out how long continued or how frequent the intoxication must be to be pronounced habitual, or to what extreme it must be carried to be properly described as gross.   St. 1870, *c.* 404.   The evidence reported in this bill of exceptions is to the effect that the libellee, for a period of twelve or fifteen years, had as often as three or four times a year yielded to an impulse to drink to excess ; that on such occasions he became grossly intoxicated, continuing in that condition a week or ten days together; and that at such times he went or was sent to an asylum for inebriates ; that when the desire for drink came upon him, he could not resist, and that a single glass would bring on excessive drinking, and a renewal of gross intoxication.   It was also shown that there had been no apparent improvement in his habits in this respect, and that any undue excitement would make him drink.   Upon this evidence, the judge was justified in his finding; or, to say the least, it is impossible for us to say, as matter of law, that his finding was erroneous.

*Exceptions overruled.*