PEOPLE v. RADLEY.

1. JURORS — COMPETENCY — VOIR DIRE EXAMINATION — LIQUOR TRAFFIC.

Where, in a prosecution for drunkenness, a juror had stated on his *voir dire* that he was "not in sympathy with the liquor business," and did not "like bad men, who get drunk, and become disorderly and fight," the question, "You do, then, have some prejudice against a man who drinks?" placed an unfair construction on the answers given, and was properly excluded.

2. DISORDERLY PERSONS— DRUNKARDS — SUFFICIENCY OF COMPLAINT.

A complaint under 2 Comp. Laws, § 5923, relative to disorderly persons, which charges respondent, in the language of the statute, with being a "drunkard," is sufficient without alleging that he is an "habitual" drunkard.

3. SAME—EVIDENCE OF FORMER CONVICTION.

On the trial of such complaint, the fact that respondent pleaded guilty to charges of drunkenness, preferred under a municipal ordinance during the period covered by the complaint, may be shown by the record of such proceedings, as admissions of fact tending to support the main charge.

4. SAME—INSTRUCTIONS—"DRUNKARD" DEFINED.

An instruction in such a case that one is not a drunkard unless the habit be so firmly fixed that he becomes intoxicated as often as temptation is presented, is properly refused.

5. SAME.

And a charge that a drunkard is one with whom drunkenness has become a habit,—one who habitually drinks to intoxication,—is unobjectionable.

Error to Muskegon; Russell, J. Submitted June 7, 1901. Decided July 10, 1901.

Albert Radley was convicted of being a disorderly person, and sentenced to imprisonment for 90 days in the Detroit House of Correction, and to pay a fine of $100 and costs. Affirmed.

*Turner & Turner*, for appellant.

*Charles B. Cross*, Prosecuting Attorney, and *George S. Lovelace*, Assistant Prosecuting Attorney, for the people.

Montgomery, C. J. The respondent was convicted of being a disorderly person, in that he was, on the 5th of April, 1901, and for six weeks prior thereto, a drunkard. The offense was charged as a second offense. The case is before us for review on error.

The first assignment of error relates to the ruling of the circuit judge in holding that a question put to a juror on the *voir dire* was not proper. The examination was as follows:

" *Mr. Turner* (question of a juror): You say you have a prejudice against a man who drinks or gets intoxicated occasionally ?

" *A*. I don't know what you might call it. I said I was not in sympathy with the liquor business.

" *Q*. Have you a feeling against a man of that character ?

" *A*. Yes, I don't like bad men that will throw themselves away, and get drunk, and become disorderly and fight.

" *Q*. You do have, then, some prejudice against a man who drinks ?

" *Mr. Cross:* I object to that question as it is put.

" *The Court:* I don't think that is a proper question."

We agree with the circuit judge that the question as put was improper. The question appeared to be an attempt to sum up what the juror had stated, and it did not do so fairly. The witness had not stated that he had a prejudice against a man who drinks. The unfairness manifest in this question could easily have been avoided, and a new question put, which would have given all the light desired.

The respondent's counsel contend that the complaint is insufficient, in that it charges that the respondent was a drunkard, without defining a drunkard. The contention

is that the respondent should have been charged with being an habitual drunkard. The complaint follows the language of the statute. The respondent's counsel, in support of another contention, cite numerous authorities which hold that the word "drunkard" means one who habitually gets drunk. The single word is, therefore, sufficient to apprise respondent of the offense with which he is charged. *Com.* v. *Boon*, 2 Gray, 74.

The prosecution introduced evidence of prosecutions of respondent for being drunk under ordinances of the city of Muskegon. A number of objections were taken to this testimony, but none which meets the purpose for which the evidence was admitted, and, in our opinion, competent. The proceedings in these cases show that respondent was, on various occasions during the period covered by this complaint, charged with intoxication, and pleaded guilty to the charge. These records were admissible as in the nature of admissions of fact which tended to support the main charge.

The respondent's counsel asked the court to instruct the jury that, to constitute a drunkard, it must be one who has the habit so firmly fixed that he becomes intoxicated as often as the temptation is presented. The cases cited by respondent's counsel do not sustain the contention made. There are cases in which an affirmative finding of habitual drunkenness has been made, based upon a showing that the party concerned became intoxicated as often as opportunity offered. Such a case is *Magahay* v. *Magahay*, 35 Mich. 210. But it cannot be said, because such a state of facts shows habitual drunkenness, that there may not be a habit of intoxication in one who may occasionally be able to resist temptation. The circuit judge charged the jury as follows:

"A drunkard is one with whom drunkenness has become a habit; one who habitually drinks to intoxication; a sot. Now, if you find this defendant was drunk on the 5th of April, as claimed here by the people, and, to carry out that definition, on that date and six weeks prior to that date;

that is to say, that drunkenness was habitual, that it became a habit, that he habitually drank to intoxication,—why, it will be your duty to say that he is guilty as charged."

We think this instruction fairly stated the law. *Brown* v. *Brown*, 38 Ark. 328; *Com.* v. *Whitney*, 5 Gray, 85; *Walton* v. *Walton*, 34 Kan. 195 (8 Pac. 110); *Mack* v. *Handy*, 39 La. Ann. 497 (2 South. 183); *State* v. *Savage*, 89 Ala. 8 (7 South. 183, 7 L. R. A. 426).

We discover no error in the record. The conviction is affirmed.

The other Justices concurred.