## VICK v. VICK.

No. 3827. Opinion Filed December 22, 1914.

Rehearing Denied January 26, 1915.

(145 Pac. 815.)

DIVORCE—Alimony—Amount. Evidence examined, and held, that the alimony awarded by the court is not shown to be excessive.

(Syllabus by the Court.)

*Error from District Court, Muskogee County;*

*R. C. Allen, Judge.*

Action by P. M. Vick against Annie Vick. Judgment for defendant, and plaintiff brings error. Affirmed.

*Edward Curd, Jr.,* for plaintiff in error.

*G. W. P. Brown* and *R. Emmett Stewart,* for defendant in error.

PER CURIAM. On March 3, 1911, P. M. Vick, plaintiff in error, sued Annie M. Vick, defendant in error, in the district court of Muskogee county, for divorce. On December 13, 1911, she appeared and filed her amended answer and cross-petition, alleging cruel and inhuman treatment and adultery on the part of plaintiff, and praying for divorce and permanent alimony, for the custody of the three minor children, and for attorney's fees. After reply, in effect a general denial of the allegations set forth in the cross-petition, there was trial to the court and judgment for defendant decreeing her a divorce pursuant to the prayer of her cross-petition and awarding her the care and custody of the children. As permanent alimony she was decreed lot 14 of block 8 of the city of Muskogee, together with the improvements thereon; also the household and kitchen furniture therein and $100 per month. The decree fixed a specific lien on all property of plaintiff, both real and personal, for the payment of the alimony. After motion for a new trial filed and overruled, plaintiff brings the case here, and assigns that the court erred in that part of the decree fixing alimony, because, he says, the same is unreasonable and excessive. The evidence discloses that both parties are negroes. They were married in Mississippi in 1884, and 15 children were born of the marriage of whom 3 are minors. Plaintiff is a "bootlegger," and lives in Muskogee with his mistress. There he bought lot 14 in block 8, and built a brick house thereon, furnished it well, and therein supports her in comparative ease

in open and notorious adultery, and, until otherwise decreed, he there also maintained the three minor children. His income from illegal traffic in whisky is considerable. His daughter testified that it was some $100 or $200 per day, which is not denied. His wife is 45 years old, and was told by him that she was unfit for further service. She takes in washing for a living. The evidence discloses that he has accumulated considerable property, which in his brief he admits to be worth some $6,000. He owes about $800. The statute provides (Rev. Laws 1910, sec. 4969) that alimony "* * * may be allowed to her in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross or in installments, as the court may deem just and equitable."

As the adequacy or excessiveness of an allowance of permanent alimony depends largely upon the circumstances of each particular case, we cannot say that this allowance, which decrees from out of the estate of plaintiff alimony in a lot of unascertained value, with a brick house thereon worth $1,100, together with the household and kitchen furniture, is excessive. Nor can we say that the further allowance of $100 is excessive, in view of plaintiff's income.

Affirmed. All the Justices concur, except KANE, C. J., absent and not participating.