**SEWARD et ux. v. JOHNSON et al.**

No. 8562—Opinion Filed Nov. 25, 1919.

Rehearing Denied Jan. 6, 1920.

(Syllabus by the Court.)

**Divorce—Alimony—Construction of Decree.**

Section 4969, Rev. Laws 1910, authorizes and empowers the district court in a divorce action where the wife sues the husband for divorce, the custody of their minor child, and for permanent alimony, and where the wife was granted a divorce on account of the aggression of the husband and awarded the exclusive custody of their minor child, and the court awarded to the wife as permanent alimony the undivided one-half interest of the husband in a tract of land owned by them jointly for the support of herself and the minor child, held, that the wife took all the title of the husband in and to said land and her deed to the same, made to the plaintiffs after said decree became final, conveyed the land to the plaintiffs free from all claims of said minor child for support and maintenance.

Error from District Court, McClain County; R. McMillan, Judge.

Action by James B. Seward and wife against W. H. Johnson and another. Judgment for defendants. Plaintiffs bring error. Reversed and remanded.

Shartel, Dudley & Shartel, for plaintiffs in error.

L. T. Cook and T. P. Pace, for defendants in error.

JOHNSON, J. The plaintiffs in error commenced this proceeding against the de-

fendants in error to reverse the following judgment rendered in the district court of McClain county on the 4th day of March, 1916.

"Wherefore, it is ordered, adjudged and decreed by the court that defendant, W. H. Johnson, as guardian of the estate of Roy Henry Anderson, minor child of Della May Anderson, is entitled to the possession of the four acres of land sued for herein, and as guardian of the estate of said minor child, is entitled to the rents and profits on the undivided one-half interest of said lands awarded to Della May Anderson, for the support of herself and minor child, as shown by the order nunc pro tunc ordered on the 17th day of February, 1916, until said minor child reaches the age of 21 years, and there is a lien hereby declared to exist on that portion of land in controversy, which the court in said divorce action awarded to said Della May Anderson, for the rents and profits from said land, for the support of said minor child until said child has reached the age of 21 years. It is further ordered, adjudged, and decreed by the court that plaintiffs herein pay the costs of this case."

The parties will hereinafter be referred to as plaintiffs and defendants, as they respectively appeared in the trial court.

The judgment was rendered upon an agreed statement of facts. The essential facts are that the plaintiffs purchased the land in controversy from one Alta Trautwein; that the latter purchased the same from one Della May Anderson, who was at the time the divorced wife of Nels Anderson, and about sixteen months after being divorced; that the Andersons, while husband and wife, acquired title to the land, a deed to which was taken to them jointly.

Mrs. Anderson sued her husband in the district court of McClain county for divorce, for the care and custody of their minor child, and for permanent alimony. In that action the plaintiff was granted an absolute divorce, awarded the custody of the minor child and a decree for permanent alimony, the same being the land in controversy.

That case was docketed in said court as follows:

"Anderson v. Anderson

"Della May Anderson, Plaintiff, v. Nels Anderson, Defendant. No. 1108."

On October 24, 1913, the following proceedings were had in said cause:

"At this time the court grants decree of divorce, custody of minor child, injunction against defendant, and gives plaintiff farm in McClain county, grants plaintiff's attorneys judgment against defendant in the sum of $200 attorney's fees.

"Recorded in Journal 4, page 176, October

24th, 1913. W. A. Wilcoxson, Clerk, District Court."

On February 15, 1915, a journal entry in said cause, though not signed by the trial judge, granting the plaintiff an absolute divorce from the defendant, awarding to her exclusive custody of the minor child, Roy Henry Anderson, and perpetually enjoining the defendant from interfering with her in such custody, and after making findings that the defendant was the owner of an undivided one-half interest in the land in controversy and that the plaintiff was the owner of the other undivided one-half interest, and that the same was mortgaged for $2,500 in favor of the Alliance Trust Company, made the following order and decree:

"It is further considered, ordered, adjudged and decreed by the court that the defendant's undivided one-half interest in and to the above described real estate be and the same hereby is set aside to, and vested in the plaintiff herein, as her own individual property as permanent alimony, and that the defendant be and he hereby is divested of any right, title, interest lien or estate whatever therein or thereto, and that said defendant be and he hereby is perpetually enjoined and restrained from claiming or asserting any right, title, interest, lien or estate in and to said premises or any part thereof, adverse to the plaintiff; and,

"It is further considered, ordered, adjudged and decreed by the court that the plaintiff have judgment against said defendant for the sum of $150 attorney's fees and for costs of this action."

And thereafter, on March 2, 1916, another journal entry of judgment was filed in said cause wherein the court made findings that the defendant was owner of an undivided one-half interest in the land in controversy, and that the plaintiff was owner of the other undivided one-half interest therein, and that there was a mortgage upon the premises for $2,500 in favor of the Alliance Trust Company, and that the plaintiff was entitled to permanent alimony, and an order and decree made granting the plaintiff absolute divorce and awarding her the custody of the minor child and enjoining the defendant from interfering with such custody, and wherein it was further ordered and decreed as follows:

"It is further considered, ordered, adjudged and decreed by the court that the defendant's undivided one-half interest in and to the above described real estate, be, and the same is hereby set aside to and vested in the plaintiff herein for the support of plaintiff and her minor child, as permanent alimony, and that the defendant be and he hereby is divested of any right, title, interest, lien or estate whatever, therein or thereto, and that said defendant

be and hereby is perpetually enjoined and restrained from claiming or asserting any right, title, interest, lien or estate in and to said premises, or any part thereof, adverse to the plaintiff; and

"It is further considered, ordered, adjudged and decreed by the court that the plaintiff have judgment against said defendant for the sum of $150 attorney's fees and for costs of this action. And it appearing that through mistake and error said order was not entered of record in the office of the clerk of the district court of said county, on the 24th day of February, 1913, and was not contained in the minutes of the judge of said district court, on the 24th day of October, 1913; and it appearing to the court that said judgment of the court should be entered of record in the office of the clerk of the district court of McClain county, Oklahoma, as of the 24th day of October, 1913;

"It is therefore, ordered, adjudged and decreed by the court, that the judgment of said court as above set forth and found by this court, now, to be the judgment of the said court, be recorded as the judgment of said court as of the 24th day of October, 1913; and that the said record be corrected to and in 'all things show, the rendition, filing and recording of said judgment of the court as above set forth, on the 24th day of October, 1913, the same as if said order as above set forth, had been reduced to writing and recorded in full, in the office of said district court clerk, on the said 24th day of October, 1913; to which judgment of the court, applicants, James B. Seward and Mary Seward except, exceptions allowed by the court. James B. Seward and Mary Seward are hereby given 90 days to prepare and serve case-made, and W. H. Johnson, guardian, is given 10 days to suggest amendments thereto, case to be settled on five days' notice; supersedeas bond fixed at $100 and 45 days given in which to give same.

"F. B. Swank, Judge."

From which judgment and decree an appeal was lodged in this court and is still pending, the number of said case upon the docket of this court being No. 8535.

The plaintiffs in their brief make 8 assignments of error as follows:

1. Irregularity in the proceedings of the court by reason of which plaintiffs in error were prevented from having a fair trial.

2. That the judgment and findings of the court were not sustained by the evidence.

3. Errors of law occurring at the trial and excepted to by plaintiffs in error.

4. The findings and judgment of the court were contrary to law.

5. Were contrary to the evidence.

6. Judgment not supported by the evidence.

7. Court erred in not rendering judgment for plaintiffs.

8. The court erred in overruling motion of plaintiffs in error for a new trial.

All of which were discussed under one proposition, which is stated as follows:

"That the divorce and decree entered nunc pro tunc in the cause of Anderson v. Anderson, vested absolute title in the wife to the real estate referred to therein and their minor child has no interest therein."

In support thereof, they say:

"In a divorce proceeding where an absolute decree of divorce is granted the wife on account of the fault of the husband, the court, may, under sec. 4969, R. L. 1910, set aside to vest in the wife as permanent alimony specific real property of the husband and divest him of any interest therein. The correctness of this rule is unchallenged in this proceeding."

Counsel for plaintiffs in error state the controversy involved as follows:

"Anderson and wife jointly owned the real estate and premises in controversy at the time of the commencement of the divorce suit hereinbefore referred to and it is the contention of the plaintiffs in error that by virtue of the divorce decree entered nunc pro tunc, the wife was vested with the husband's interest in this property, and that she has a perfect right to convey the same, and her conveyance passed absolute title, whereas, upon the other hand, it is the contention of the defendants in error that under this decree the child has an interest in the rents and profits from this property during its minority, so the sole question presented is the proper construction of the nunc pro tunc decree."

The statement by counsel for the defendants of the controversy involved, as contained in their brief, is substantially the same, as follows:

"The principal question involved in this case is whether or not alimony awarded to a wife in a divorce proceeding for the support of herself and minor child can be assigned by the wife alone. Of course, if this court should decide that property awarded to a wife as alimony in a divorce proceeding for the support of herself and minor child is assignable, then this case should be decided in favor of plaintiffs in error, but on the other hand, if this court should take the view that such property is not assignable, then we take it that it will be the duty of the court to decide this case in favor of defendants in error. This case comes to this court upon agreed statement of facts, and we assume that the court can render such judgment as is proper in the case."

The authority of the trial court in a divorce proceeding to award permanent alimony to the wife out of the property of the husband is by virtue of section 5969, Rev. Laws 1910, which is as follows:

"When a divorce shall be granted by reason of the fault or aggression of the husband,

the wife shall be restored to her maiden name if she so desires, and also to all the property, lands, tenements, hereditaments owned by her before her marriage or acquired by her in her own right after such marriage, and not previously disposed of, and shall be allowed such alimony out of the husband's real and personal property as the court shall think reasonable, having due regard to the value of his real and personal estate at the time of said divorce; which alimony may be allowed to her in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross or in installments, as the court may deem just and equitable. As to such real property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties respectively as may appear just and reasonable by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof."

This statute has frequently been construed by this court to the effect that it meant what it said. In the case of Johnson v. Johnson, 72 Oklahoma, 179 Pac. 595, wherein the same question is involved, the court said:

"We think that at the time the judgment was rendered the plaintiff was the equitable owner in fee of the 40 acres of land in controversy, and as such owner had the power to alienate or encumber the same at will, and that the trial court had the power to decree the same to the defendant as permanent alimony and future support for herself and the minor children. Germania National Bank v. Duncan et al., 62 Oklahoma, 161 Pac. 1077; Jones v. Jones, 63 Oklahoma, 164 Pac. 463, L. R. A. 1917E, 921; Davis v. Davis, 61 Oklahoma, 161 Pac. 190; Vick v. Vick, 45 Okla. 412, 145 Pac. 815."

We think it is clear that where an award for permanent alimony is made to the wife from the real estate owned by the husband the entire estate in the land owned by the husband is conveyed to the wife, and that the statute, supra, does not confer upon the court the power to convey the real estate of the husband to their children. The court, however, by virtue of another section of the statute has the power to provide for the guardianship, custody, support, and education of the minor children of the marriage, either before or after final judgment in a divorce action. Section 4968 of the statute, supra.

The precise question here involved is, where such an award for permanent alimony was made to the wife for the support of herself and minor children from the land of the husband, after such judgment has be-

come final, had the wife the power to sell and convey the land? Counsel for the defendants say in their brief: "We do not know of any decisions of the Supreme Court of Oklahoma that has decided this question." They take the position that the land is non-alienable by the wife. They cite the case of Fournier et al. v. Clutton et al., 146 Mich. 298, as sustaining their contention. In that case the court had ordered that the husband give to the wife as permanent alimony the sum of $1,000 and awarded to her the custody of the minor children. The wife sold the judgment for $200 and afterwards she brought suit joined by the children to recover from the party the amount of the award on the ground that decree for alimony is non-assignable. The Supreme Court of Michigan upheld her contention, and in an opinion by Carpenter, C. J., after stating the contention made in the case, said:

"The briefs of counsel and my own research have enabled me to find but two cases touching on the question of assignability of decree for alimony, viz.: In re L. R. 27, Ch. Div. 160, and Kempster v. Evans, 81 Wis. 247, 15 L. R. A. 391. Each of these cases holds that a decree is not assignable. In each of them the alimony assigned was an annuity not yet due. While the circumstances distinguishes these decisions from the question at bar, it cannot be said that the reasoning upon which they rest is altogether inapplicable to this case."

Further on in the opinion, and as a basis therefor, the learned judge said:

"It is based on the ground, as heretofore stated, that the existence of the right to assign frustrates the purpose of the law, that alimony shall be used for the maintenance of the wife or of the wife and children."

This section of our statute was borrowed from Kansas. (Kan. 4756 S. 1893, sec. 4550.)

The Supreme Court of that state in the case of Greenwood v. Greenwod (Kansas) 156, 155 Pac. 807, syl. par 2 thereof, held as follows:

"A divorce decree providing that 'There is hereby set apart' to the plaintiff, 'as her separate estate as and for her alimony' certain realty to be held by her 'in trust' for her two children until the younger child becomes of age, 'and at the expiration of said time, or upon the death of both of said children before said time, the title of property shall 'vest in plaintiff absolutely and in fee,' being utterly barren of any description of the nature and purpose of the trust, failed to meet the requirements of a declaration of trust."

In that case there is quoted with approval the Supreme Court of California in the case of Simpson v. Simpson, 80 Cal. 237, 22 Pac. 167, wherein it was said:

"When, upon a decree of divorce in favor of the wife, for extreme cruelty and habitual drunkenness of the husband, the homestead property is awarded to the wife, and the decree declares that the property so awarded to her is to be held * * * in trust for her support, and for that of the support of the children of the parties, no definite or certain trust is created, but an absolute and unlimited estate in the homestead property is transferred to the wife. Simpson v. Simpson, 80 Cal. 237, 22 Pac. 167."

A statute of Ohio on the subject is almost identical with ours, and the Supreme Court of that state in the case of Herron v. Herron, 9 L. R. A. 667, 47 Ohio St. 444, wherein the facts are similar to the facts in the instant case, in construing the statute, said:

"The legal effect upon the allowance was to grant to the wife the entire interest of the husband in the land. It was not necessary that a conveyance should be made, because the decree itself operated as a conveyance and the title passed to the wife eo instanti. This transfer of title was not by any act of the husband but by the fiat of the court. Hence it is to the purpose of the court we must look, and not to the purpose of the husband. The decree is not difficult of construction. It explains itself. The title received by the wife was as full and ample as though a conveyance from the husband had been made, and she took a title in fee simple. * * * We are of the opinion that the decree gives the wife title to the land as a purchaser, and that she stands in regard to the crop of wheat in the attitude of a vendee receiving title and possession from a vendor without reservation as to the growing crop, and hence the husband had no interest in the crop after the decree, and no right to enter upon the land to gather it."

The agreed statement of facts sets out the chain of title of the land in controversy showing that the parties claim the same from a common source, and contains the following stipulations: .

"That the above suit is brought by plaintiffs to recover possession of said four or five acres of land, the possession of which is held by said W. H. Johnson, and against the will of plaintiffs, James B. Seward and Mary Seward; that plaintiffs rely upon their right to the possession of, and title to said land by virtue of their deed from Alta Trautwein, above set forth and by virtue of a deed executed by Della May Anderson, as above set forth, and by virtue of the orders of the court as above set forth in this stipulation. That W. H. Johnson claims a right to the possession of, and title in said land by virtue of being the guardian of said Roy Henry Anderson, a minor, and by virtue of the orders of the court as above set forth. It is further agreed that said W. H. Johnson held possession of said four or five acres of land as above set forth, adversely and against the will of plaintiffs herein at the time this suit was filed and has ever

since held said possession. Prior to the commencement of this action plaintiffs demanded possession of said land of defendant, and same was refused."

We think it is clear from a careful examination of the entire record that by virtue of the orders of the court awarding her permanent alimony for the support of herself and her minor child there was conveyed all the husband's interest in the land to the wife, and that the trial court erred in the judgment rendered herein decreeing the possession of the four acres of land sued for, to the defendant, W. H. Johnson, as guardian of the estate of Roy Henry Anderson, and in awarding to the said defendant the rents and profits on the undivided · one-half interest of said land and decreeing a lien upon the same in favor of the defendant until· the minor reached the age of 21 years.

The cause is therefore reversed and judgment is rendered in favor of the plaintiffs quieting their title to the land in controversy and for all costs incurred herein.

OWEN, C. J., and PITCHFORD, McNEILL, BAILEY, and HIGGINS, JJ., concur.