## AETNA CASUALTY & SURETY CO. v. APPLE.

No. 13256—Opinion Filed June 3, 1924.

### Insurance—Liability on Plate Glass Policy.

A policy of plate glass insurance provided that the company should not be liable for any loss or damage caused by or from the acts or operations of workmen engaged in the construction of or repairs to the building or frames in which the glass covered by the policy is located. Thereafter the company elected to replace the broken glass and for that purpose contracted with a person to replace the same and while so doing one of the workmen engaged in replacing the broken glass negligently broke another glass belonging to the assured and which was covered by the policy. Held, the loss in the instant case was not the result of alterations or repairs to the building or frames in which the glass covered by the policy was located, within the meaning of the policy, and that the insurance company was liable for such breakage.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Bryan County; Geo. S. March, Judge.

Action by Ed Apple against the Aetna Casualty & Surety Company. From judgment for the plaintiff, defendant brings error. Affirmed.

W. E. Utterback and D. S. MacDonald, for plaintiff in error.

V. B. Hayes, for defendant in error.

Opinion by PINKHAM, C. This action was originally commenced in a justice of the peace court of Bryan county by the defendant in error, who was plaintiff below, against the Aetna Casualty & Surety Company, on a plate glass insurance policy issued to one Jake Ansel on the 1st day of January, 1919, and expiring on the 1st day of January, 1920, and assigned by the said Ansel to the plaintiff with the consent of the defendant, Aetna Casualty & Surety Company.

Judgment was entered in favor of the plaintiff in the justice of the peace court in the sum of $195 from which judgment the defendant duly appealed to the district court of Bryan county.

Thereafter the cause was tried in the district court without the intervention of a jury, and resulted in a judgment in favor of the plaintiff for the sum of $150, with interest from date of judgment until paid,

and costs, from which judgment an appeal was perfected to this court.

It is stated in the brief of the defendant that:

"Under this policy one of the glasses insured and for which the company was liable was broken and the defendant, Aetna Casualty & Surety Company, employed the New York Plate Glass Company to replace the same. In replacing that glass the testimony shows that one of the workmen of the New York Plate Glass Company broke the glass in question and the defendant contends that under the terms of said policy it is not liable for the glass so broken, the same not being covered by the terms of said policy."

The particular provision of the policy relied upon by the defendant is as follows:

"For loss or damage by breakage of the glass described in the schedule set forth hereon, provided such loss or damage occurs within the period covered by the policy, and provided further that the company shall not be liable:

"For any loss or damage caused by or resulting from fire, earthquakes, inundation, insurrection, riot, war, or by the legal blowing up of any buildings or from the acts or operations of workmen engaged in the construction, or the alteration of, or repairs to, the building or frames in which the glass covered hereby is located or before the glass is completely glazed in a workmanlike manner."

It is the contention of the defendant that the New York Plate Glass Company was an independent contractor, and as such, the company is not liable for its acts and that said workmen of the New York Plate Glass Company, in replacing the window that had been broken, were altering and repairing the building, and that the act of said workmen comes within the terms of the policy above quoted.

We are unable to agree with counsel for defendant in their construction of the provisions of the policy relied upon. The admitted facts are, as disclosed by the record, that the defendant company, recognizing its liability to the assured for the breaking of the first glass, elected to replace the same and employed the New York Plate Glass Company to discharge that liability.

The assured had no control and exercised no supervision over the workmen who proceeded to replace the broken glass. While engaged in that work by the direction and authority of the defendant insurance company one of the workmen in moving a ladder broke another glass in the building of

the assured, and which, we think, it must be conceded, was covered by the policy in question.

The provisions of the policy referred to and which the defendant contends relieved it from liability has no application to the state of facts disclosed by the record.

It is clear from the evidence that no repairs or alterations were being made by the assured, and that the glass for which this action was brought was broken by the parties while engaged in the work of replacing the glass, which had been broken and which the defendant company had employed the said parties to replace.

A further provision of the policy is that:

"The company may replace any broken glass, or lettering, or any ornamentation or pay in money the amount for which same is insured as shown in the schedule. If no amount is specified the loss shall be estimated according to the value of the glass at the time the breakage occurs. If the company elects to replace any glasses the replacement shall be made without unnecessary delay after satisfactory proof of said loss has been made by the assured. In either case the salvage shall belong to the company."

It was under that provision of the policy that the defendant company employed the New York Plate Glass Company to replace said glass.

The right to replace the broken glass reserved by the defendant in its policy certainly does not relieve the company from liability in case other glass is broken in the building by those employed by it to replace the glass already broken.

The provision of the policy with reference to repairs and alterations being done which would relieve the company from liability refers to alterations and repairs made by the assured.

To show that the policy contemplates that the company shall be liable for glass broken by the acts of other parties it is only necessary to refer to a further provision of the policy which provides as follows:

"In case of payments of loss under the policy the company shall be subrogated to the amount of such payment to the assured's rights of recovery against others for such loss, and the assured shall execute all papers required and shall cooperate with the company to secure such rights."

The fact that the party who negligently broke this second glass would be liable to the owner would not relieve the insurance company from such liability under the plain terms of its policy.

Furthermore, it may be said that if a policy of insurance is susceptible to one of two constructions, that one is to be adopted which is more favorable to the assured. Taylor v. Insurance Co. of North America, 25 Okla. 92, 105 Pac. 354.

In the case of Union Accident Co. v. Willis, 45 Okla. 411, 145 Pac. 815, it is said:

"Where the meaning in a policy of insurance is ambiguous or so drawn as to be fairly susceptible of different constructions it will be construed strictly against the insurer and that construction adopted which is more favorable to the insured."

In view of the admitted facts and the provisions of the policy, we are of the opinion that the defendant insurance company is liable for the value of the glass sued for, and that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.