## DAVIS v. DAVIS.

No. 7317—Opinion Filed June 6, 1916.

Rehearing Denied Nov. 21, 1916.

(161 Pac. 190.)

**1. Divorce—"Alimony."**

"Alimony" is defined to be an allowance which a husband or a former husband may be forced to pay to his wife or former wife, living legally separated from him, for her maintenance.

**2. Same—Separate Maintenance—Right of Wife.**

If the wife choose to live separate and apart from the husband, there being no reasonable cause for her abandonment of her husband, he cannot legally be required to contribute to her maintenance, nor can alimony in any form be granted her.

**3. Same—Separation—Division of Property.**

Where, in an action by a wife against her husband to obtain a divorce and alimony, the court finds that the wife is not entitled to a divorce or alimony and both are refused, the court is authorized under section 4966, Rev. Laws 1910, to make such order as may be proper for the equitable division of the property then owned by them, taking into consideration the time and manner of its acquisition.

(Syllabus by Mathews, C.)

Error from District Court, Marshall County; Jesse M. Hatchett, Judge.

Action by Mittie Davis against W. Lee Davis. From the judgment, both parties bring error. Modified and affirmed.

McPherren & Cochran and F. E. Kennamer, for plaintiff in error.

Hatchett & Ferguson, for defendant in error.

Opinion by MATHEWS, C. The parties will be designated as in the trial court. This is a divorce action by the plaintiff based upon the allegations of extreme cruelty, gross neglect of duty, and other matters, and concluding with a prayer for divorce, custody of the children, and division of the property.

The case was tried to the court, who made the following findings:

"(1) That the allegation in plaintiff's petition to the effect that the defendant was guilty of cruel treatment toward plaintiff is not established by the evidence.

"(2) That the allegation of the petition of the plaintiff to the effect that the defendant was addicted to the use of drugs of any kind is not established by the evidence.

"(3) That the allegation of the amendment to the petition of the plaintiff that the defendant was guilty of adultery is not established by the evidence.

"(4) That the plaintiff left the home of the plaintiff and defendant without sufficient cause.

"(5) That the defendant provided well for his family, and after the separation and up to the trial at the last term of this court the defendant voluntarily paid to the plaintiff for the support of herself and children the sum of $30 per month, and has thereafter paid said sum upon the order of the court.

"(6) That the defendant at the trial expressed himself as willing to receive plaintiff back to their home, and it is the opinion of this court that they ought to still be living together.

"The court found further that the plaintiff is not entitled to the decree of divorce upon the proof in this case, and that the plaintiff is entitled as to alimony the sum of $600, to be paid in six months from this date, and the undivided one-half interest of the plaintiff, W. Lee Davis, in [description of land omitted], subject to a mortgage debt thereon in the sum of $900, with interest, which the plaintiff, Mittie Davis, is to assume and pay. Defendant excepts to the finding as to alimony.

"That the plaintiff is entitled to the custody of the three children, Bernice, Earl, and —— Davis, and the sum of $30 per month, to be paid by the defendant, W. Lee Davis, on the 1st of each month, to the plaintiff, Mittie Davis, for the support of the said children. Defendant excepts."

The judgment was in accord with the findings, and the defendant brings his appeal from said judgment, and the plaintiff her cross-appeal from that part of the judgment denying her a divorce. In regard to the cross-appeal of plaintiff we deem it unnecessary to review the evidence in this opinion, but we have carefully read the entire record, and fully indorse the conclusion of the trial court that plaintiff was not entitled to a decree of divorce. The trial court had the opportunity of observing the conduct and demeanor of the parties while upon the witness stand, and hearing them and their witnesses testify, and was in a much better position to weigh the evidence than we are, and his conclusion must control here when the evidence clearly does not preponderate against it.

It is defendant's contention that the trial court, having found that the allegations of the petition were not proven, erred: (1) In awarding the plaintiff alimony while the plaintiff wrongfully lived apart from the defendant; and (2) in awarding the care, custody, and control of the children to plaintiff.

The proposition whether or not the trial court has the authority in a divorce action to refuse a decree of divorce and to grant one of the complaining parties a distribution of the property or the care and custody of the children born to the marriage seems never to have been passed on by this court, and as far as we have been able to discover is here for the first time as an original proposition.

It is evident that the judgment of the trial court is not founded upon section 4969, Rev. Laws 1910, because this section relates to the procedure when the divorce is granted. It is equally evident that it was not based upon section 4975, as this section has to do with action brought for alimony without praying for a divorce. The judgment therefore cannot be sustained unless section 4966 authorizes it, which is as follows:

"4966. When the parties appear to be in equal wrong the court may in its discretion

refuse to grant a divorce, and in any such case or in any other case where a divorce is refused, the court may for good cause shown make such order as may be proper for the custody, maintenance, and education of the children, and for the control and equitable division and disposition of the property of the parties, or of either of them, as may be proper, equitable and just, having due regard to the time and manner of acquiring such property, whether the title thereto be in either or both of said parties."

We find no fault with defendant's assertion that a wife voluntarily living apart from her husband cannot compel him to support her or exact alimony of him unless such separation is caused by the misconduct of the husband. We agree that it is the duty of the wife to live with the husband at the place and in the home selected by him, which he has the sole right, within reasonable limitations, to choose, and if without good cause she departs therefrom, she forfeits her legal claim to support from him while residing elsewhere than with him. The technical term for support for the wife while living separate and apart from her husband is alimony—temporary alimony before the divorce is granted and permanent alimony after the decree.

In the case of Poloke v. Poloke, 37 Okla. 70, 130 Pac. 535, Ann. Cas. 1915B, 793, alimony is defined as follows:

"'Alimony' is an allowance which the husband pays, by order of the court, to his wife for her maintenance while living separate from him, where no suit is brought for divorce, or during the pendency of a divorce suit, or after the divorce is granted."

This allowance termed "alimony" may be made in a bulk sum in property or money, or in money payments to be made at certain definite periods.

Defendant has cited the following cases in support of his contention that the court erred in decreeing certain property and the care and custody of the children to plaintiff after denying her a divorce: Benson v. Benson, 20 Cal. App. 462, 129 Pac. 596; Volkmar v. Volkmar, 147 Cal. 175, 81 Pac. 413; McMullin v. McMullin, 123 Cal. 653, 56 Pac. 554; Peyre v. Peyre, 79 Cal. 336, 21 Pac. 838; Hagle v. Hagle, 74 Cal. 608, 16 Pac. 518; Johnston v. Johnston, 54 Kan. 726, 39 Pac. 725; Latham v. Latham, 30 Grat. (Va.) 307; Griffin v. Griffin, 8 B. Mon. (Ky.) 121; Woolfolk v. Woolfolk, 96 Ky. 657, 29 S. W. 742; Springer v. Springer (Ky.) 54 S. W. 710; Davis v. Davis, 75 N. Y. 221.

An examination of all of the above cited cases shows that they had to do with alimony and separate maintenance, and simply hold that, if the wife choose to live separate and apart from the husband, there being no reasonable cause for her abandonment of her husband, he cannot be required to contribute to her maintenance, nor can alimony in any form be granted her. Section 4975 specifically provides that alimony without a divorce may be obtained only for the same causes for which a divorce may be allowed. Birdzell v. Birdzell, 33 Kan. 433, 6 Pac. 561, 52 Am. Rep. 539.

In the judgment in the case at bar the tract of land and money decreed plaintiff was specified as "alimony," but it is plainly apparent that this is a misnomer; for the judgment is in fact nothing but an attempt to divide the property of plaintiff and defendant and an effort to provide for the payment of a certain sum each month for the support and maintenance of their children.

Our divorce laws and procedure were adopted from the state of Kansas, and while the propositions under consideration do not appear to have been construed by our own courts, yet the Supreme Court of that state has done so in numerous opinions. The case of Bowers v. Bowers, 70 Kan. 164, 78 Pac. 430, was an action for divorce and division of property, and at the trial the court sustained a demurrer to the evidence as against plaintiff's claim for a divorce, and subsequently heard further testimony, and entered judgment making a division of a tract of land owned in the name of the defendant. The contention of defendant on appeal in that case was stated as follows:

"It is urged by defendant that the proceedings of the court in taking testimony in the matter of a division of property, after having sustained a demurrer to the evidence, was unauthorized; that the court had lost jurisdiction to proceed with a further hearing of the case. It is further urged by defendant that whether the allowance to plaintiff be designated alimony, or a division of property, it was error to grant it; that, since by statute (Gen. Stat. 1901, sec. 5144) the grounds for which alimony may be awarded are the same as the grounds for which the court may grant a divorce, the decision of the court in sustaining the demurrer to plaintiff's evidence constituted a finding by the court that no grounds had been proved for which alimony could be awarded plaintiff. It is also urged by defendant that the statute contemplates a division of property only when both plaintiff and defendant are in equal wrong and a divorce for that reason is refused, and that the testimony of defendant not having been heard, the court could not find that defendant was in the wrong."

The following extract from the opinion shows the holding of the court:

"It is clear that under section 5136, in any case where a divorce is refused, the court is authorized to make such order as may be proper for the control and equitable division of the property of the parties, or the property of either of them. Nor is there in this section a conflict with the provisions of section 5144 of the statute, which provides that alimony shall be awarded for the same causes for which a divorce may be granted. In enacting the two sections the Legislature undoubtedly had in view the distinction recognized between alimony and an equitable division of property. The principal distinction appears to be that alimony has for its basis maintenance only, while a division of property has for its basis the giving to each party the portion of the property justly and equitably due, without regard necessarily to the necessities of the case."

It will be noted that sections 5136 and 5144 of the Kansas statute referred to above are the same as sections 4966 and 4975, respectively, of our statute. In the case of Kjellander v. Kjellander, 92 Kan. 42, 139 Pac. 1013, the action was for a divorce, alimony, and custody of the minor child of the parties. The trial resulted in a refusal of a decree of divorce, but the property was divided and the custody of the child awarded to one of the parties, and the judgment was affirmed therein, the court therein saying:

"In an action for a divorce where the divorce was refused and the property divided, it was within the discretion of the trial court as to which party should be awarded the care and custody of the minor child."

The case of Johnson v. Johnson, 57 Kan. 343, 46 Pac. 700, was also for divorce, alimony, and custody of the child of the parties, and the court therein held:

"Where, in an action brought by a wife against her husband to obtain a divorce and alimony, the court finds that she is not entitled to a divorce, it is error to allow the wife permanent alimony in the form of a quarterly allowance for the support of herself and minor child. In such a case, where the husband appears and contests the wife's right to a divorce, the power of the court over the property of the parties is limited to that owned by them at the time the judgment is rendered; and as to such property it may make an order for the equitable division and disposition of it between them."

It will be observed that in the case last cited it is held that when the decree of the court is based on section 5136 (same as section 4966, Rev. Laws 1910), the court has authority to make all necessary and proper orders for a division of the property owned by the parties at the time the decree

was rendered, but that the court could not reach out and compel the payment of certain stipulated sums in the future. The court, further, discussing the proposition, said:

"The distinction between an allowance of alimony and a division of property is discussed at length and clearly recognized in the case of Bacon v. Bacon, 43 Wis. 197. In 2 Am. & Encyc. Law, 92, 'alimony' is thus defined: ' "Alimony" is an allowance which by order of court the husband, or former husband, is compelled to pay to his wife, or former wife, from whom he has been legally separated or divorced, for her support and maintenance.' The foundation for its allowance is the duty of the husband to provide for the wife's support; and where a divorce or separation occurs because of his fault, the duty of providing for her maintenance continues, and the court by an allowance of alimony compels its performance. A division of the property of the parties is an essentially different thing. No matter which party may be at fault, nor what the decision of the court on the merits, of an application for a divorce, the court may for good cause make an equitable division and disposition of the property of the parties. In doing this the power of the court extends only over the property of the parties owned by them at the time the order is made. It cannot reach into the future and bind subsequent earnings or accumulations of either party." Birdzell v. Birdzell, 33 Kan. 433, 6 Pac. 561, 52 Am. Rep. 539; Van Brunt v. Van Brunt, 52 Kan. 380, 34 Pac. 1117; Johnston v. Johnston, 54 Kan. 726, 39 Pac. 725; Raper v. Raper, 58 Kan. 590, 50 Pac. 502.

We believe the above-cited cases set out the correct interpretation of our divorce statutes so far as they relate to the questions at issue, and it appears to us that equity and sound justice sustain such a construction. While it is the duty of the wife to reside with the husband and to bear with his shortcomings and endure the same as long as possible, yet no law prescribes that she must do so, and when she chooses to abandon him, if his own conduct does not cause such an abandonment, then his legal duty to longer maintain her is ended, but if property has been acquired during their wedded life by their joint effort, she has a vested interest in such property which she does not forfeit even though her course cannot be justified, and she is entitled to her proper share of such property. As to what proportionate share should be decreed her it is impossible to lay down any definite rule, but it rests to a large extent in the sound discretion of the court, taking into consideration when and how such property was acquired. But she has no right by her conduct in abandoning her husband without justifiable cause in any way or for any purpose to bind him for sums to be

paid in the future. Her only right in such cases is to have a fair and equitable division of the property then owned by them, taking into consideration the time and manner of acquisition of the same.

From the above it follows that the judgment of the trial court should be modified by striking therefrom that portion providing for the payment of the sum of $30 per month to the plaintiff for the support of the children, and the judgment so modified should be affirmed.

By the Court: It is so ordered.