## JONES v. JONES.

No. 8750—Opinion Filed April 10, 1917.

(164 Pac. 463.)

(Syllabus by the Court.)

**1. Appeal and Error—Amendment of Cross-Petition in Error—Time.**

Where the original cross-petition in error assigned as error the action of the court in overruling plaintiff's motion for a new trial, which motion contained as one of the grounds therefor that "the judgment of the trial court in finding the marriage between plaintiff and defendant was illegal and void, is not sustained by sufficient evidence and is contrary to law," the petition in error may be amended after the expiration of the time in which such cross-appeal must be filed by adding an assignment that "the judgment of the court in finding the marriage between plaintiff and defendant illegal and void is not supported by sufficient evidence and is contrary to law."

**2. Marriage — Presumption and Burden of Proof.**

The burden is upon the person who asserts the illegality of a marriage to prove such illegality, and where a second marriage is shown as a fact, a strong presumption exists in favor of its legality, which is not overcome by mere proof of a prior marriage and that the wife had not obtained a divorce before her second marriage. The party attacking such second marriage has the burden of showing that neither party to the first marriage had obtained a divorce.

**3. Divorce—Disposition of Property—Order of Court—Statute.**

Section 4966, Rev. Laws 1910, authorizes the court, in any case where a divorce is refused, to make such order as may be proper, equitable, and just for the disposition and division of the property of the parties or either of them, having due regard to the time and manner of acquiring such property, whether the title thereto be in either or both of said parties.

Error from District Court, Creek County; Ernest B. Hughes, Judge.

Action by Lulu Jones against Jason Jones for a divorce and alimony, in which defendant filed an answer and cross-petition. Petition dismissed, and marriage between the parties annulled, and a division of the property decreed between the parties, and from the decree of division defendant appeals, and from that, and from the dismissal of the petition and the annulment of the marriage, plaintiff brings error. Decree annulling the marriage contract reversed, and in all other things affirmed.

Blake & Hazlett, for plaintiff in error.

T. L. Blakemore, for defendant in error.

HARDY, J. Lulu Jones, as plaintiff, commenced this action against Jason Jones, as defendant, for a divorce and alimony. Defendant filed answer and cross-petition, in which he denied the allegations of plaintiff's petition, and, in addition to other matters, alleged that, at the time of the marriage between plaintiff and defendant, plaintiff was the lawful wife of one Lewis Morgan, and prayed an annulment of the pretended marriage between the parties on that ground. Upon a trial, the court found that plaintiff's prayer for divorce should be denied and dismissed her petition, and further found that the marriage between the parties was illegal and void because of plaintiff's prior marriage with said Morgan, and annulled and canceled the same and decreed a division of the property accumulated between the parties. From the decree dividing the property, defendant prosecutes an appeal, and plaintiff appeals from the decree denying her prayer for divorce and declaring the marriage contract null and void, and also appeals from the decree dividing the property.

In her original cross-petition in error, plaintiff assigned, among other things, that the court erred in overruling her motion for a new trial. On January 20, 1917, she filed an amended petition in error, in which, by way of amendment to her original petition, it was assigned that the court erred in finding that the marriage of the plaintiff in error and defendant in error was illegal and void, and that said finding is not supported by sufficient evidence and is contrary to law. Motion is made to strike the amended petition in error for the reason that same was not filed within four months from the rendition of the order appealed from, that being the time fixed by statute in which appeals must be taken from judgments granting a decree of divorce. Section 4971, Rev. Laws 1910. The original petition assigned error upon the order overruling the motion for a new trial, and this was sufficient to present for review all of the questions raised in the motion for a new trial. Hodges v. Alexander, 44 Okla. 598, 145 Pac. 809; Rowsey v. Jameson et al., 46 Okla. 780, 149 Pac. 880. This assignment in the original petition in error was sufficient to present this question, as the motion for a new trial urged as one of the grounds therefor that the judgment of the court in finding that the marriage of the plaintiff and defendant was illegal and void is not sustained by sufficient evidence and is contrary to law. The amendment filed simply amounted to a formal assignment of a matter that was already embraced in the original petition and which might have been urged thereunder, and was simply an amendment as to form, and the motion to strike

the amended petition in error is therefore overruled. McConnell v. Cory, 33 Okla. 607, 127 Pac. 259.

Plaintiff urges that the decree annulling the marriage contract is not supported by the evidence. Counsel have not set out an abstract of the testimony in their briefs, nor have they indexed the record as required by the rules of the court, and the work of preparing an opinion in this case has been attended with much more work than would have been required had counsel observed these rules, which are intended to lighten the labors of the court and expedite the disposition of business. Plaintiff and defendant were married in Bell county, Ky., in the month of May, 1903, and lived together as husband and wife until about November, 1915, when the separation occurred. No children were born to them. During the period of their cohabitation, by their joint efforts, they accumulated considerable property. Some years prior to her marriage with defendant, plaintiff had been married to one Lewis Morgan, from whom she separated about a year and a half or two years prior to the month of October, 1902. In October, 1902, a jury in the county court of Whitley county, Ky., found said Morgan to be insane and on that date he was committed to an asylum for the insane at Lakeland, Ky., to which institution he was sent, where he died in 1906. Plaintiff testified that she never obtained a divorce from Lewis Morgan and did not know whether he had obtained one from her. Other witnesses testified that they had known Morgan intimately, and that, so far as they knew, he had never obtained a divorce from plaintiff, and that, had he obtained such divorce, they would have known it. At the time plaintiff and Morgan separated, they were living in Tennessee, and, immediately after the separation, both of them went to Whitley county, Ky., and established a residence which was maintained by each of them until Morgan was adjudged insane and sent to the asylum. Under the statutes of Kentucky a residence of one year in that state is required before an action for divorce may be commenced. Ky. Stat. 1903, sec 2120. It is conceded by both parties that approximately 1½ years elapsed between the time plaintiff and Morgan separated and the time that Morgan was adjudged insane. This would allow six months within which he could have secured a divorce under the laws of that state, which must have been obtained if obtained by him in Whitley county. There is no proof that such a decree was not granted to Morgan in that county. Defendant insists that plaintiff being a resident of such county, personal service must have been had upon her, and

that she would have had knowledge thereof if a decree had been granted and that a decree based upon service by publication would be void. We do not understand the law to be that a decree based upon service by publication is void even though the party may have been a legal resident of the county at the time. It is not made to appear what the laws of Kentucky upon this point are, and, in the absence of such a showing, we will presume that they are the same as the laws of this state. Steward v. Commonwealth Nat. Bank, 29 Okla. 754, 119 Pac. 216. Our statute permits service by publication where a person is a resident of the county and has left the state or departed from the county of his residence to avoid the service of summons or so conceals himself that summons cannot be served upon him. Rev. Laws 1910, sec. 4722. See, also, section 57, Ky. Codes 1906. In such cases, service by publication would be sufficient to support a decree. The burden is upon a person who asserts the illegality of a marriage to prove such illegality, and, where a second marriage is shown as a fact, a strong presumption exists in favor of its legality which is not overcome by mere proof of a prior marriage and that the wife had not obtained a divorce before her second marriage. The parties attacking such second marriage have the burden of proof to show that neither party to the first marriage had obtained a divorce. Coachman v. Sims et al., 36 Okla. 536, 129 Pac. 845; Clarkson et al. v. Washington et al., 38 Okla. 4, 131 Pac. 935; Haile v. Hale, 40 Okla. 101, 135 Pac. 1143; Chancey v. Whinnery, 47 Okla. 272, 147 Pac. 1036; James v. Adams, 56 Okla. 450, 155 Pac. 1121; Lewis et al. v. Lewis, 60 Okla. 60, 158 Pac. 368.

In Haile v. Hale, plaintiff testified that she had never obtained a divorce from her first husband, but did not testify as to whether he obtained a divorce from her, and that by such divorce their marriage relations were dissolved. The defendant introduced depositions of the clerks of the circuit courts of three counties in Illinois and one county in Texas, in which counties the plaintiff's former husband had at different times resided. The court held that this evidence did not establish that the counties named in the depositions were the only counties in which said former husband resided during said time, or that said courts were the only courts that had jurisdiction to grant him a divorce, and it was held that the trial court did not err in his finding to the effect that the presumption in favor of the last marriage had not been overcome.

In Chancey v. Whinnery, 47 Okla. 272, 147 Pac. 1036, it was said:

"Every intendment of law is in favor of matrimony. The law is so positive in requiring a party who asserts the illegality of a marriage to take the burden of proving it, that such requirement is in force, even though it involve the proving a negative. When a marriage has been shown in evidence, whether regular or irregular, and whatever the form of the proofs, the law raises a presumption of its legality, not only casting the burden of proof on the party objecting, but requiring him throughout and in every particular plainly to make the facts appear, against the constant pressure of this presumption, that it is illegal and void."

The evidence offered by defendant did not show that a decree was not granted in Whitley county, Ky., but does show a residence in that county by Morgan of at least 18 months prior to his having been adjudged insane, and that, after the requirement as to residence of the laws of that state had been satisfied, approximately six months elapsed during which time an action could have been commenced by him and prosecuted to a decree, and the failure of defendant to prove that no decree had been rendered in the court in that county having jurisdiction of such proceedings does not meet the requirements of the rule above stated. It is said in this connection that, by their verdict adjudging Morgan to be insane, the jury found that he had been insane for some years prior thereto; but the effect of such a judgment as this has been determined by the Court of Appeals of Kentucky in the case of Hopson v. Boyd, 6 B. Mon. (Ky.) 296, in which it was held, as to the finding by a jury in a lunacy case that insanity had existed for a period of years before the adjudication, where the inquiry was confined to the condition of the insane person at the time of the inquest, that any adjudication as to his prior condition would not even raise a presumption that such was the condition of the person prior to that time, and such finding was entitled to very slight consideration.

Defendant says that, if this court is of the opinion that the finding of the trial court annulling the marriage contract is not supported by and is contrary to the evidence, he does not ask for any further relief, other than with respect to the division of the property, and that this court should leave the parties where it found them. The plaintiff states in her brief that, although confident she has sustained the allegations of her petition as to the grounds of divorce alleged by her, in view of the conflict in the evidence in material particulars, it could not be said that the judgment denying her a decree of divorce is against the preponderance of the evidence. Having determined that the decree annulling

the marriage contract should be reversed, there is nothing left for further consideration except the respective claims of the parties with reference to the property.

Defendant strenuously insists that, inasmuch as the marriage contract was void and the relation meretricious, plaintiff was not entitled to any portion of the property, although accumulated by their joint efforts. A discussion of this proposition is not necessary, as we have determined in favor of the validity of the marriage contract between the parties.

Section 4966, Rev. Laws 1910, is as follows:

"When the parties appear to be in equal wrong the court may, in its discretion, refuse to grant a divorce, and in any such case or in any other case where a divorce is refused, the court may for good cause shown make such order as may be proper for the custody, maintenance, and education of the children, and for the control and equitable division and disposition of the property of the parties, or of either of them, as may be proper, equitable and just, having due regard to the time and manner of acquiring such property, whether the title thereto be in either or both of said parties."

Under this section, the court was possessed of ample authority to make an order of division as between the parties. Its authority to make such order is not limited to cases where the parties appear to be in equal wrong, but it is expressly enacted that, "in any other case where a divorce is refused," the court may for good cause shown make such order as may be proper. That good cause was shown in this case we think cannot be successfully controverted. The property is admittedly the joint accumulation of the parties; they had been married a number of years, during which time they had lived together as husband and wife. Plaintiff is shown to have been an industrious and hard-working woman, performing not only the customary household work, but assisting defendant in his labors and in his business, assisting in the work of cultivating the crops, and in various ways helping him to accumulate the property.

In Busenbark v. Busenbark, 33 Kan. 572, 7 Pac. 245, the Supreme Court of Kansas, in construing section 643 of the Code of that state, which is very similar to section 4966, sustained the authority of the court to award a division of the property, although a divorce was denied, where the parties were in equal fault. The purpose of the statute seems clear. It would be manifestly unjust where parties, as here, had lived together a number of years, and by their joint efforts had accumulated considerable property, to permit

one of the parties, upon a separation, to take possession of and keep all of their joint property and turn the other afoot, without any means of support or sustenance, except his or her own personal efforts, and deprive him of any and all interest in the property which they helped to acquire and in which they had an interest.

Was the distribution awarded by the court equitable and just under the circumstances? Plaintiff insists that she is entitled to one-half of the joint accumulation, while, on the other hand, the defendant denies her right to any portion of the property. The standard by which the trial court is to be governed is that the order must be equitable and just under the circumstances. Counsel have not pointed out to us any facts or circumstances or any evidence that would show the order of the trial court to be inequitable or unjust under the circumstances and call our attention to no authorities which determine as a matter of law that she is or is not entitled to any specific portion of the property. The portion which plaintiff was entitled to recover was left by the above statute to be determined by the trial court under all the facts and circumstances, and having made such division, we are not prepared to say that it was not equitable and just under the circumstances.

That portion of the decree holding the marriage contract to be illegal and meretricious and cancelling and annulling the same is reversed and the judgment in all things else is affirmed.

All the Justices concur.