## MOODY v. MOODY.

No. 17040—Opinion Filed Nov. 16, 1926.

**Divorce—Division of Property — Erroneous Decree to Husband of Interest in Wife's Separate Property.**

In a divorce action, where decree is denied to both parties and no question of alimony is involved, the court has authority to make an equitable division of the property of the parties by virtue of the provisions of Comp. Stat. 1921. section 505, but this authority of equitable division of the property of the parties does not authorize the court to decree to the husband an interest in the separate property of the wife. owned by her prior to the marriage, nor to decree to the husband an interest in the income and profits from such separate property of the wife, the husband being an able-bodied man and suffering from no infirmity. (Comp. Stat. 1921, sections 6607 and 6608.)

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Hughes County; George C. Crump, Judge.

Action by J. J. Moody against Anna E. Moody for divorce and division of property. Decree denying divorce, from which neither party appeals, but from the decree affecting the property, defendant brings error. Reversed.

Plaintiff and defendant were married July 27, 1921, and separated March, 17, 1925. This action was commenced by plaintiff March 24, 1925. In addition to the allegations setting forth his grounds for divorce plaintiff sought by his petition to compel defendant to convey to him an interest in her real estate and to transfer to him one-half of certain monies which she had on deposit in the bank. At the commencement of the action plaintiff tied up these funds in the bank by restraining order.

Defendant's answer consisted of a general denial of the allegations for divorce contained in plaintiff's petition, and as to the property affirmatively alleged, in substance, that at the date of the marriage of the parties plaintiff was worth practically nothing, and that he has contributed very little to the support of defendant during the subsistence of said marriage relation; that as a matter of fact defendant has been compelled to support herself out of her separate property and by her work and labor; that the funds in the bank are the proceeds from the sale of a certain royalty interest and oil and gas leases upon the lands of defendant, which lands are her sole and separate property, title to. same having been vested in her long prior to the date of the marriage.

Defendant filed a cross-petition for divorce against plaintiff, but in view of the fact that no appeal by either party has been taken from that portion of the decree denying a divorce to either, these allegations of the cross-petition are not material to be considered here.

The cause was tried to the court June 22, 1925, and resulted, as before stated, in a decree denying a divorce to either party, and in a judgment in favor of plaintiff and against defendant for the sum of $873. From this money judgment defendant prosecutes error.

Anglin & Stephenson and Forrest M. Darrough, for plaintiff in error.

W. C. Hall and W. P. Langston, for defendant in error.

Opinion by LOGSDON, C. Only one proposition is presented and urged for reversal of the judgment entered by the trial court. and that is the general proposition that the court erred in decreeing that the plaintiff have and recover out of the separate property of the defendant the sum of $873.

After a careful reading of the entire testimony preserved in the record in this case, and eliminating all immaterial matters, the material facts disclosed are in substance these :

Defendant was a widow having a son about 16 years old and her father living with her. She owned 195 acres of land which was free of incumbrances, and her personal proper-

ty consisted of 14 head of cattle, 47 hogs, 3 bales of cotton, and 8 loads of corn, and she owed an indebtedness to a bank of approximately $500. The plaintiff was the owner of a horse and saddle, 3 bales of cotton and 15 loads of corn, and had about $35 in cash. This was the respective financial situations of these parties at the time of their marriage in July, 1921. They lived together a little less than four years, and at the time of the separation defendant's personal property consisted of one saddle pony, two work horses, two hogs, two cows, and three calves. During their married life she had sold a royalty interest in her land for $3,200 and had received $360 in oil and gas rentals, and had a balance in the bank at the time of the separation of $2,735. It is further disclosed that during their married life defendant permitted plaintiff to handle and dispose of her personal property along with his; that he cultivated her farm; and that she assisted in the field and did her housework. It thus appears that during the period of their married life, in addition to her labor in the field and in the home. the greater part of her personal property and some $800 of the money derived from the leases and royalty on her land went to the support of the family, and that during that time the property of the plaintiff, which went for the support of the family, aside from his labor and the products grown on the farm, amounted to considerably less than $700. The proof shows that both of these parties were industrious and hard working. Comp. Stat. 1921, section 6607, provides:

"The husband must support himself and his wife out of his property or by his labor. The wife must support the husband, when he has not deserted her, out of her separate property, when he has no separate property and he is unable from infirmity to support himself."

Section 6608, Id., provides:

"Except as mentioned in the preceding section, neither husband nor wife has any interest in the separate property of the other, but neither can be excluded from the other's dwelling."

In this court the husband relies to sustain the judgment of the trial court on Comp. Stat. 1921, section 505, which provides:

"When the parties appear to be in equal wrong the court may in its discretion refuse to grant a divorce, and in any such case or in any other case where a divorce is refused, the court may for good cause shown make such order as may be proper for the custody, maintenance, and education of the children and for the control and equit-

able division and disposition of the property of the parties. or either of them, as may be proper, equitable, and just, having due regard to the time and manner of acquiring such property, whether the title thereto be in either or both of said parties."

It is here insisted in behalf of the husband that the clause in the above section reading, "and for the control and equitable division and disposition of the property of the parties, or either of them," means that the husband in this case may be decreed an interest in the separate property of the wife which she owned prior to her marriage, and includes a right to him to share in the profits accruing to her from this separate property. Such a construction of the above language would be in conflict with sections 6607 and 6608, supra, and it is not considered that such conflict was intended by the Legislature. Section 505, supra, has been before this court in previous cases, and has received a construction which is not in consonance with the theory of the husband in the instant case. In the case of Davis v. Davis, 61 Okla. 275, 161 Pac. 190, several decisions of the Kansas Supreme Court, discussing and applying the corresponding section of the statute of that state, were reviewed. After so reviewing the Kansas decisions this court applied section 505, supra, to the facts in that case in the following language:

"While it is the duty of the wife to reside with the husband and to bear with his shortcomings and endure the same as long as possible, yet no law prescribes that she must do so, and when she chooses to abandon him, if his own conduct does not cause such an abandonment then his legal duty to longer maintain her is ended, but if **property has been acquired during their wedded life by their joint effort she has a vested interest in such property which she does not forfeit even though her course cannot be justified, and she is entitled to her proper share of such property.** As to what proportionate share should be decreed her it is impossible to lay down any definite rule, but it rests to a large extent in the sound discretion of the court, taking into consideration when and how such property was acquired."

This language clearly shows that the property which the court has discretion to divide equitably is property acquired by the joint efforts of husband and wife during their marriage, whether the title to such property be vested in them jointly, or in one of them separately. This court again applied section 505 in the case of Jones v. Jones, 63 Okla. 208, 164 Pac. 463, but its application of this statutory provision was by reason of the facts there presented, which were:

"The property is admittedly the joint accumulation of the parties; they had been married a number of years, during which time they had lived together as husband and wife. Plaintiff is shown to have been an industrious and hard-working woman. performing not only the customary household work, but assisting defendant in his labors and in his business, assisting in the work of cultivating the crops and in various ways helping him to accumulate the property."

In the instant case no question of alimony is involved. It is purely a question of whether the husband has a right under section 505, Id., to be decreed an interest in the separate property of the wife after the separation of the parties, the proof showing that he is an able-bodied, industrious man, and not dependent by reason of infirmity upon largesse from his wife's separate estate. There was some testimony in the record as to improvements which he had made upon his wife's land during their marriage, but while there was a conflict in the testimony upon this question, if the evidence of the plaintiff alone be considered, such improvements were of comparatively slight value and consisted in stopping certain washes on the land and in removing an outhouse from one location on the farm to another location thereon. It is disclosed by the record that while the husband used his three bales of cotton and his 15 loads of corn, which he owned at the date of the marriage, for the support of the family, it is likewise disclosed that at the same time and for like purposes he used the three bales of cotton belonging to his wife, seven of her ten horses, nine of her 14 head of cattle, 45 of her 47 hogs, and her eight loads of corn. In addition to this he received the benefit of her work and labor, and of the use of her land in making three crops, the proceeds of those three crops when harvested, and some $800 of the royalties and oil rentals which she received from her land during their marriage. It thus appears that, notwithstanding the duty of the husband under section 6607, Id., the wife in this case contributed considerably more to the support of the family during the marriage than did the husband. There is no contention that the wife was ever extravagant, or that she purchased supplies or incurred debts which were unnecessary. In fact, all of the proof discloses that she was frugal and industrious and did her full share.

It is urged in support of the judgment in this case, that this court will not reverse the trial court in an equity case unless the judgment is clearly against the weight of the evidence. This rule is axiomatic, but it has reference only to unmixed questions of fact and has no application where the law has been misapplied to the facts. Under section 505, Id., the discretion of the court in the division of the property between parties to a divorce action extends only to that portion of the property acquired during coverture, whether the title thereto be vested in the husband and wife jointly. or in one of them separately. It was the intention of the Legislature by this provision to protect a spouse to the extent of the equitable right which he or she may have in jointly acquired property, even though the legal title stand in the name of the other spouse. It was not the intention of the Legislature to give the court authority by such provision to set aside and hold for naught the provisions of sections 6607 and 6608, Id.

For the reason that the judgment of the trial court in the instant case is contrary to law, the cause is remanded, with directions to the trial court to vacate its judgment in favor of the plaintiff as to an interest in defendant's separate property, and to dismiss the action.

Note.—See under ¹(1) 19 C. J. p. 333. §773 (Anno).