## HUGHES v. HUGHES.

No. 18101.    Opinion Filed May 22, 1928.

(Syllabus.)

**Divorce—Decree to Husband—Wife not Entitled to Division of Husband's Property Acquired Prior to Marriage.**

Where a divorce is granted the husband
131-2

because of the fault of the wife, the court should make a fair and equitable division of the property acquired by the joint industry of the parties during marriage, but in such case no division should be made of the separate property of the husband acquired prior to the marriage.

Commissioners' Opinion, Division No. 2.

Error from District Court, Oklahoma County; Wyley Jones, Judge.

Action by J. R. Hughes against Laura Holt Hughes for divorce. From a decree granting plaintiff a divorce, and decreeing defendant a division of the property, plaintiff appeals. Reversed and remanded.

Max M. Fagin and Charles B. Selby, for plaintiff in error.

Hayson & Lukenbill, for defendant in error.

HERR, C. This is an appeal by plaintiff from a decree in divorce proceedings. The plaintiff, the husband, was granted a divorce from the defendant, his wife, on the ground of abandonment, the defendant being awarded $1,000 in cash, in lieu of all property rights. It is from this portion of the decree that the plaintiff appeals.

The divorce having been granted because of the wrong and fault of the defendant, she was, under the law, entitled to a just and equitable division of such property as was acquired by the joint industry of the parties during marriage. Tobin v. Tobin, 89 Okla. 12, 213 Pac. 884; Thompson v. Thompson, 70 Okla. 207, 173 Pac. 1037; Davis v. Davis, 61 Okla. 275, 161 Pac. 193; Moody v. Moody, 120 Okla. 129, 250 Pac. 916.

The evidence discloses that prior to the marriage, plaintiff was the owner of lot 6, in block 10, Classen North Highland Park addition to Oklahoma City, an apartment house, the location of which is not shown by the record, lots 5 and 6 in block 37, Maywood addition to Oklahoma City, and $4,500 in mortgage securities.

The apartment house was sold shortly after the marriage. The record does not clearly disclose what disposition was made of the proceeds, but we gather from the record that at least a portion thereof was used in improving other property. Subsequent to the marriage, plaintiff purchased lots 27 and 28 in block 31, Maywood addition to Oklahoma City, and also discharged and paid off a $2,000 mortgage on property held and owned by him prior to the marriage. It was because of the discharge of this mortgage and the purchase of the property above

described, subsequent to the marriage, that the court decreed to defendant a division of the property, the court finding this property to have been jointly acquired during marriage. In this, we think the court erred.

The evidence is conclusive that, prior to the marriage, plaintiff was the owner of $4,500 in mortgage securities. It is also undisputed that he used these securities in discharging the mortgage and purchasing the property above mentioned.

Plaintiff and defendant lived together 18 months, the defendant, of course, during said time performing the ordinary household duties, and had there been any property accumulated during said time, defendant would have been entitled to an equitable division thereof. The evidence, however, is conclusive that nothing was accumulated during said time, the evidence simply disclosing the conversion of mortgage securities into real estate.

In these circumstances, the discharge of the mortgage and the purchase of this additional property can, in no sense, be considered property jointly acquired during marriage. In vol. 21, C. J., at page 28, it is said:

"Property received in exchange for other property, whether community or separate, as a general rule, acquires the character of the property for which it is exchanged."

The record conclusively establishing that there was no accumulation of property subsequent to the marriage, the court erred in decreeing a division thereof.

Judgment should be reversed, and the cause remanded, with directions to modify the judgment by vacating that portion decreeing to defendant the sum of $1.000 in lieu of property rights in and to the property of the plaintiff.

BENNETT, JEFFREY, DIFFENDAFFER. and TEEHEE, Commissioners, concur.

By the Court: It is so ordered.

Note.—See 19 C. J. p 332, § 773; p. 333. § 774; 31 C. J. p. 28, § 1109; anno. 11 A. L. R. 1394; 9 R. C. L. p. 446; 2 R. C. L. Supp. p. 802; 4 R. C. L. Supp. p 607.