## ALLRED v. ALLRED.

No. 18109. Opinion Filed May 29, 1928.

(Syllabus.)

1. **Divorce—Action for Divorce and for Division of Jointly Acquired Property as Presenting Two Causes of Action—Statutory Provisions as to Appeal—Notice.**

An action for divorce and division of jointly acquired property presents two causes of action; they are maintainable separately or together, likewise the judgment therein rendered is appealable separately or combined. As to that part of the judgment applicable to division of jointly acquired property, section 782, C. O. S. 1921, governs relative to giving notice of appeal in open court. As to that part of the judgment concerning divorce, section 510, C. O. S. 1921, is applicable, requiring filing in the office of the clerk of the court, within ten days after judgment, a written notice, duly entitled in the cause. stating the intention to appeal.

2. **Same—Sufficiency of Notice of Appeal.**

When such notice of intention to appeal is incorporated in a journal entry of judgment overruling motion for new trial and same is duly entitled in such action and caused to be filed in the office of the clerk of the court within the specified time, compliance is had with the provision of section 510, supra.

3. **Same—Judgment for Husband for Divorce and Property Reversed and Rendered.**

This judgment of divorce and division of

jointly acquired property being in equity, on appeal the evidence is weighed. The judgment is found to be against the clear weight of the evidence. A judgment warranted by the evidence is rendered granting a divorce to the defendant on the grounds of extreme cruelty and habitual drunkenness, awarding defendant custody of minor children, granting an award for support of minor children, awarding plaintiff and defendant each an undivided one-half interest in real estate found to be valuable for mineral rights acquired by their joint industry and labor, and decreeing the award for support of minor children to be a lien on plaintiff's said interest in said real estate.

Error from District Court, Seminole County; George C. Crump, Judge.

From a judgment granting divorce to the plaintiff upon the ground of abandonment by the defendant wife and awarding all property real and personal to the plaintiff and decreeing $3,000 to the defendant in lieu of division of jointly acquired property, defendant appeals. Reversed and judgment rendered decreeing the divorce to the defendant and making division in kind of jointly acquired property. Reversed.

E. C. Stanard and M. L. Hankins. for plaintiff in error.

Criswell & Billingsley and Hill & Banta, for defendant in error.

RILEY, J. Ada Allred appeals from a judgment granting a divorce to her husband, J. E. Allred, and providing for a settlement upon her in lieu of division of jointly acquired property.

The record facts are:

Plaintiff and defendant lived in Seminole county upon 200 acres of land located between Cromwell and Seminole. The land was acquired by their joint labor. A mortgage existed thereon in the amount of $3,500. There was some live stock and household furniture with an approximate value of $1,700, and $1,700 cash, which the defendant wife carried on her person. All property was acquired by joint industry and labor of plaintiff and defendant. To the union ten children had been born. Seven were living in March, 1922; four were minors, the youngest four years old. About the date mentioned. the wife, without knowledge of her husband, with the $1,700 cash on her person, and all the children at home, went to Seminole, purchased railroad transportation and departed to San Bernardino, Cal., where she has since resided. Soon after, the husband learned of his wife's whereabouts and began a correspondence with her seeking a quitclaim deed to the land in question and to

secure her signature to an oil lease thereon. In December, 1922, the defendant wife in California signed an oil and gas lease to the 200 acres in Seminole county, whereby plaintiff received the $2,500 bonus thereon. By the intention of defendant this bonus was to have been applied to the mortgage of $3,500 upon the home place, but plaintiff retained the same. Likewise the additional rentals of $1 per acre, or $200 per annum, have been paid to plaintiff yearly, and retained by him.

In August, 1922, the husband began an action for divorce and for title to all the property, real and personal. On February 26, 1923, the plaintiff secured a divorce and judgment awarding him all property. The minor children were awarded the wife for her care and custody. The plaintiff married again and lived upon the 200 acres in Seminole county.

In 1925, defendant learned of her husband's marriage and she returned to Oklahoma, and thereupon, for the first time, was informed of the divorce of February 26, 1923, and the award of all property to her husband.

On November 12, 1925, the judgment of February 26, 1923, was vacated upon petition of defendant, upon the ground of improper service of summons by publication. Plaintiff therein dismissed the action and his second marriage was dissolved by an action.

Thereafter, and on November 20, 1925, the plaintiff below, defendant in error, filed the action now before us, praying divorce on the grounds of abandonment and for custody of minor children and all property, both real and personal.

The defendant wife filed answer and cross-petition, admitting separation in March, 1922, but denying that same was abandonment without fault of plaintiff, but by reason of habitual drunkenness, gross neglect of duty, and extreme cruelty.

The case was tried December 1, 1925. The trial court took the case under advisement until September, 1926, and during the interim the mineral rights in the land involved had advanced in value. On September 20, 1926, upon defendant's motion the case was reopened, and on November 5, 1926, there was evidence introduced on behalf of defendant showing that the mineral rights as to the land involved were then worth $100 per acre, or $20,000.

The judgment rendered November 5, 1926, granted plaintiff a divorce on grounds of abandonment and awarded to him all property, real and personal, but directing plaintiff to pay defendant $3,000 at the rate of $50 per month in lieu of her interest in the land in question, and declaring said $3,000 to be a lien upon said land. This award was in addition to the $1,700 retained by defendant. There was no decision as to custody of minor children; there were but two minors at the time of judgment. Alimony did not enter into consideration at any time. The court's judgment was that each party pay its own attorney fee. On the same day of judgment, motion for new trial was overruled and journal entry overruling same and reciting notice of appeal was caused to be filed.

Motion to dismiss the appeal on the alleged ground that compliance had not been made with section 510, C. O. S. 1921, in that notice of appeal had not been filed within ten days as thereby required in a divorce action, was overruled by this court, May 3, 1927.

Suffice it to say that upon the question of jurisdiction this court has repeatedly held that an action for divorce and for division of jointly acquired property presents two causes of action, maintainable separately or combined, and likewise appealable. Appellate jurisdiction as to divorce would depend on section 510, C. O. S. 1921, whereas appellate jurisdiction as to division of property jointly acquired would be controlled by section 782, C. O. S. 1921. Montgomery v. Montgomery, 41 Okla. 581, 139 Pac. 288; Lewis v. Lewis, 39 Okla. 407, 135 Pac. 397; Howell v. Howell, 42 Okla. 286, 141 Pac. 412; Moody v. Moody, 120 Okla. 128, 250 Pac. 916; Tobin v. Tobin, 89 Okla. 12, 213 Pac. 884; Davis v. Davis, 61 Okla. 278, 161 Pac. 190; Thompson v. Thompson, 70 Okla. 207, 173 Pac. 1037; Kremer v. Kremer (Kan.) 90 Pac. 998, 91 Pac. 45; Wamberg v. Wamberg (Kan.) 206 Pac. 889.

The view in Reynolds v. Reynolds, 94 Okla. 114, 221 Pac. 109, relied upon by defendant in error, must be confined to divorce and alimony awards as distinguished from judgments in division of jointly acquired property.

We hold, further, that requirements of section 510, supra, are had by incorporating in the journal entry overruling motion for new trial the following:

"Be it further remembered that the defendant on this date in open court gave notice of appeal from the ruling and judgment of this court to the Supreme Court of this state. * * *"

And within ten days after judgment, causing same to be filed with the clerk of the court, as was done in this case as shown by the notice contained in the journal entry, "duly entitled," and filed in the office of the clerk of the court on November 5, 1926, the very day of judgment. Therefore, we hold this court has jurisdiction of the whole case, because there has been compliance with section 510, supra. In any event, we have jurisdiction of so much of the judgment as concerned the division of jointly acquired property.

The judgment being in equity, this court will review the evidence, and if the judgment is clearly against the weight of the evidence, the same will be reversed, and this court will render or cause to be rendered such judgment as warranted by the weight of the evidence. Moody v. Moody, 120 Okla. 128, 250 Pac. 916.

We now review the evidence as to the ground for divorce. Abandonment in March, 1922, was admitted by the wife. She established by averment and by proof that cause of abandonment was: (1) Habitual drunkenness of plaintiff. (2) He was an habitual violator of the prohibitory liquor law, and had been convicted in Oklahoma in the federal court in 1921, and in Arkansas he had difficulty in liquor business. Walton v. Walton (Kan.) 8 Pac. 110; People v. Radley (Mich.) 86 N. W. 1029; Tarrant v. Tarrant (Mo.) 137 S. W. 56; Page v. Page (Wash.) 86 Pac 582.

The defendant testified without contradiction that plaintiff was in the liquor business and had been for years, and that by reason of the unlawful business she carried around the money on her person. Why should not defendant abandon plaintiff under such environment and with such surroundings within which to rear children? There were allegations and evidence of cruelty on the part of plaintiff and toward defendant. Plaintiff abused defendant for spending $20 of the money in her possession to send a child to business college. He invited her to leave the place, whereas plaintiff admits in his evidence that defendant was his dutiful wife while living with him; that she with the children managed the place while he was serving his federal sentence for liquor violations. By the weight of the evidence divorce should have been granted the defendant on her cross-petition, and such is the judgment now rendered. Finnell v. Finnell, 113 Okla. 164, 240 Pac. 62; Clark v. Clark, 55 Okla. 67, 154 Pac. 1142.

We consider the division of the property established by the evidence and found by the trial court to be jointly acquired.

There is no dispute but that plaintiff and defendant at separation owned 200 acres of land in Seminole county upon which was a mortgage of $3,500. The defendant had on her person $1,700 in cash which she took with her. Nine months after separation, by an oil and gas lease signed by plaintiff and defendant, plaintiff acquired $2,500, also rentals have inured to plaintiff's gain. Rents and profits have been to his benefit, yet plaintiff paid interest on the mortgage in the amount of $245 per year, and taxes in the approximate amount of $175 annually. The defendant has supported the minor children since March, 1922, without aid from plaintiff.

This court has repeatedly held that even though a wife be not justified in leaving her husband, and though she be not entitled to a divorce, she is entitled to an equitable division of the property jointly acquired. Davis v. Davis, 61 Okla. 278, 161 Pac. 190; Tobin v. Tobin, supra; Thompson v. Thompson, 70 Okla. 207, 173 Pac. 1037.

We do not find the division as equitable as may be. It may have been the view below that plaintiff had maintained the land after separation, and was entitled to the increased value from oil development to the exclusion of defendant.

The undisputed evidence was that at date of judgment the land for mineral rights was worth $20,000. Taxes and interest paid by plaintiff were offset by rents and profits. The $1,700 retained by defendant was more than balanced by the lease bonus received by plaintiff. The plaintiff disposed of the personal property and retained the proceeds. The wife supported the minor children. The plaintiff maintains that the excess funds received by him were used in repair and improvement of the home place. If that be so, neither party will be injured by the judgment we render here. The power of the court extends over the property of the parties at the time the judgment is rendered. Johnson v. Johnson (Kan.) 46 Pac. 700; Davis v. Davis, supra. Division of such property should be made in view of the value as of the date of judgment. By reason of the fluctuation of value in oil property, we hold that equality and justice are best served herein by dividing the land. Consequently, it is the judgment of this court that an undivided one-half interest in the land involved vest in each the plaintiff and defendant: that the custody of the minor children be awarded defendant; that plaintiff

pay to defendant $50 per month for the remainder of said children's minority for support and maintenance of said children, and that plaintiff's undivided interest in said land be impressed with a lien warranting said payment for said minors' support, and cost of this action exclusive of attorney fees is awarded defendant.

MASON, V. C. J., and HARRISON, PHELPS, LESTER, CLARK, and HEFNER, JJ., concur.

Note.—See under (1) 3 C. J. p. 1235, §1337; 19 C. J. p. 189, §467; p. 337, §780. (2) 3 C. J. p. 1216, §1317. (3) 19 C. J. p. 196, §482; anno. 11 A. L. R. 1394; 9 R. C. L. p. 446; 4 R. C. L. Supp. p. 607.