## McADOO v. McADOO.

No. 19143.   Opinion Filed May 21, 1929.

T. T. Varner, for plaintiff in error.

White & White, for defendant in error.

LEACH, C. Rhoda K. McAdoo, the plaintiff in error, commenced this action against Wiley W. McAdoo in the district court of LeFlore county by filing therein her petition alleging that she and defendant were married in April, 1915; that there was born of the marriage three children, girls, who were then aged nine, seven, and five years, respectively, all of whom were in the custody and control of the defendant; that she was the owner of the west half of the southeast quarter of section 32, township 9 north, range 26 east, in LeFlore county; that defendant was the owner of 160 acres of land within said county and in possession of all of the land, including that belonging to plaintiff, and received and used the rents and profits therefrom; that defendant was also the owner of certain live stock and farming implements; that in August, 1925, by reason of the abuse and cruelty of the defendant, she, plaintiff, was compelled to leave her home and children and live separate and apart from defendant; that in 1925 she filed suit in Muskogee county for divorce from the defendant, but relief was denied her in such action: that thereafter, in 1926, when she returned home, the defendant refused to recognize her as a wife, and when she attempted to discuss their differences, the defendant assaulted her and caused her great bodily pain, mental anguish, and to flee from her home; alleged that she was unable to support herself and that defendant was physically and financially able to support her, which he refused to do; that defendant would not permit her to visit her children except at rare intervals, and she prayed for suit money and living expenses during pendency of the action; that she be awarded possession of the 80 acres of land to which she held legal title; that she be awarded the custody of the children and sufficient monthly allowance for support of herself and children and for general relief.

The defendant filed answer generally denying the allegations of plaintiff's petition, but admitted the marriage and birth of the children as alleged by plaintiff; alleged that the 80 acres of land in the name of plaintiff belonged to him; that he purchased and paid for the same, was the equitable owner thereof and entitled to a decree vesting him with the legal title; defendant alleged that the matters and controversies set out in plaintiff's petition were theretofore fully and finally adjudicated in the divorce action filed by plaintiff in Muskogee county, and by way of cross-petition alleged that the plaintiff willfully abandoned and deserted him, and prayed that he be adjudged and decreed the legal owner of the 80 acres of land, the record title to which was held by plaintiff, and that he be granted a decree of divorce and the care and custody of the children.

The trial court found that plaintiff had failed to sustain the allegations of her petition, was not entitled to any relief and dismissed her petition; further found that neither of the parties to the action were entitled to a divorce. The west half of the southeast quarter of section 32, township 9 north, range 26 east, was found by the court to have been acquired by the defendant subsequent to his marriage to plaintiff, and that the legal title thereto was placed in the name of plaintiff but that she was not the owner thereof, and the court awarded and decreed a life estate in such 80 acres in the defendant, Wiley W. McAdoo, with the remainder over to the children of the parties, and plaintiff divested of all title and claim thereto and enjoined from asserting any title or interest therein.

The trial court further directed and vested the title to all the remaining property, both real and personal, in the defendant, and plaintiff was enjoined from asserting or claiming any right, title, or interest therein, and defendant was awarded the care and custody of the children of the parties with the right to the plaintiff to visit them one day in each month.

Plaintiff filed motion for a new trial which was denied, and she brings this appeal and presents her assignments of error and argument thereon under the following propositions:

"1. The court committed reversible error in refusing any allowance to the plaintiff, excluding her from the use and benefit of the property including the homestead and vesting the title to all of the property in defendant.

"2. The court erred and abused its discretion in awarding the custody of the children to defendant and restricting the visits of the plaintiff to one day each month and denying to the plaintiff the right to have the children visit her."

The defendant in error, in support of the judgment, contends that the matters and issues involved in this action, including all questions as to the title, ownership, and possession of the land involved, were fully adjudicated in the previous suit filed by plaintiff in Muskogee county, and calls attention to the usual rule that an adjudication in an action includes all questions and issues which could and might have been presented in the suit, and that such rule is applicable to divorce actions, citing Privett v. Privett, 93 Okla. 171, 220 Pac. 348, and other cases of similar import.

We have examined the cases cited by defendant, also the pleadings and judgment in the previous suit filed in Muskogee county, and are of the opinion that the cited cases are not applicable or controlling when applied to the record and facts in the instant case; that the action and decree entered in the Muskogee county case was not a bar to the instant action or an adjudication of the issues involved herein.

In the Muskogee county suit, the defendant did not specifically ask for any affirmative relief or adjudication of title to the property described therein and involved in this present action, and in that suit the court found only that plaintiff had failed to sustain the allegations of her petition and decreed that the same be dismissed and that the defendant pay the costs. The defendant, in his answer and cross-petition in the instant case, prays that he be decreed the owner of the 80 acres of land, the legal title to which was held in the name of the plaintiff, and that the record title thereto be vested in him; also prays for further affirmative relief including a divorce.

The record in the instant case discloses, in substance and in part, that at the time of the marriage of the parties in the year 1915, the plaintiff was then 17 years of age and the defendant 39; that defendant possessed and owned, at the time he married plaintiff, 80 acres of land which he then and later occupied as a homestead; also owned some live stock; that subsequent to the marriage, the defendant purchased and acquired title to 80 acres of land for which he alleged he paid less than $1,000, but to be of the value of about $2,000; he also purchased 80 acres of segregated or unallotted Indian land, for which he paid $960; and took the title thereto in the name of his wife, the plaintiff.

It appears that the funds with which the last two mentioned tracts of land were purchased were accumulated during coverture and through the joint efforts of both parties. The indebtedness owing by the defendant at the time of the trial was about $1,100, $800 of which was secured by a mortgage on the 80 acres of land which was owned by the defendant prior to his marriage with plaintiff, which mortgage indebtedness he owed on the land at the time of such marriage.

There was testimony that, sometime after plaintiff gave birth to her third child and prior to her leaving home, she was in bad health and underwent a major operation and spent three months in a hospital. It would appear from the record, and such was not denied by the defendant, that the plaintiff, during the ten years she resided with the defendant, discharged her duty as a wife.

Section 505, C. O. S. 1921, provides:

"When the parties appear to be in equal wrong, the court may in its discretion refuse to grant a divorce, and in any such case or in any other case where a divorce is refused, the court may for good cause shown make such order as may be proper for the custody, maintenance, and education of the children, and for the control and equitable division and disposition of the property of the parties, or of either of them, as may be proper, equitable and just, having due regard to the time and manner of acquiring such property, whether the title thereto be in either or both of said parties."

"In a proceeding between a husband and wife, where no divorce is granted to either party, the court has authority and jurisdiction under section 505, Comp. Stat. 1921, to enter such order and decree for the custody and maintenance of the children and for control and equitable division of the property of the parties as may be proper, equitable, and just, having due regard to the time and manner of acquiring such property, whether the title be in either or both of such parties." Barker v. Barker, 105 Okla. 240, 232 Pac. 371.

See, also, Davis v. Davis, 61 Okla. 275, 161 Pac. 190; Swanda v. Swanda, 105 Okla. 160, 232 Pac. 62; Thompson v. Thompson, 70 Okla. 207, 173 Pac. 1037; Moody v. Moody, 120 Okla. 128, 250 Pac. 916; Hughes v. Hughes, 131 Okla. 33, 267 Pac. 620; Allred

v. Allred, 131 Okla. 55, 267 Pac. 842; Hink v. Hink, 131 Okla. 164, 268 Pac. 282.

In the body of the opinion, in the case of Moody v. Moody, supra, it is said:

"While it is the duty of the wife to reside with the husband and to bear with his short-comings and endure the same as long as possible, yet no law prescribes that she must do so, and when she chooses to abandon him, if his own conduct does not cause such an abandonment, then his legal duty to longer maintain her is ended, but if property has been acquired during their wedded life by their joint effort, she has a vested interest in such property which she does not forfeit even though her course cannot be justified, and she is entitled to her proper share of such property. As to what proportionate share should be decreed her, it is impossible to lay down any definite rule, but it rests to a large extent in the sound discretion of the court, taking into consideration when and how such property was acquired."

From an examination of the entire record in this appeal, we are unable to say that the judgment and decree of the trial court denying the plaintiff alimony or separate maintenance and the custody of the children was against the clear weight of the evidence, but we do conclude and are of the opinion that the action of the trial court in its division and disposition of the property of the parties was inequitable, erroneous, and that a life estate should not have been awarded the defendant in the 80 acres of land, the legal title to which was held by the plaintiff, and the remainder decreed to the children, and are of the opinion and hold that the possession and ownership of such tract of land should have been decreed and awarded to plaintiff as her equitable share of the lands involved for her individual benefit free from the possession, claim, and use of the defendant, with right to use and dispose thereof as she may deem proper.

During the time the parties lived together as man and wife, they acquired two 80-acre tracts of land, each of which cost less than $1,000, and we are of the opinion that the equities require and warrant that the plaintiff be awarded the possession and decreed the owner of the 80 acres held in her name, and that the decree, in so far as it bars the plaintiff from claiming or asserting any right or interest in the other 80-acre tract acquired by defendant subsequent to his marriage with plaintiff, is affirmed.

The judgment and decree of the trial court, in so far as it bars the plaintiff from asserting or claiming any right or interest · in or to the 80 acres of land owned by the defendant and used and occupied as a homestead, and impressed with homestead rights, appears to be erroneous and in conflict with the decision and holding of this court in the case of Fletcher v. Popejoy, 87 Okla. 185, 209 Pac. 746, it being stated in the syllabus of that case:

"Where the husband institutes an action for a divorce, and the wife files an answer and cross-petition for divorce, and the court denies the divorce to either party, but decrees the title to the homestead in the plaintiff and attempts to divest the defendant from any rights in and to the homestead, and decrees that the plaintiff may sell and dispose of the homestead without the consent of the wife, that part of the decree dealing with the homestead and which assumes to divest the wife of any rights therein is in violation of the Constitution and laws of Oklahoma, and is a nullity and void."

In view of the fact that no divorce has been granted to either of the parties, it would appear that the plaintiff was not barred, under the record, from her homestead right and interest in the tract of land comprising the homestead.

It was conceded by the plaintiff that the defendant had sent the children to school, and that he had properly cared for them. Defendant, in answer to plaintiff's complaint that the court erred in decreeing that she might visit the children only one day per month, says that he has always permitted plaintiff to visit the children at whatever time she might desire and does not now expect to limit her. It appears from the record that the plaintiff had no permanent place of residence at the time of the trial of the action nor suitable place where the children might visit her.

Upon application and proper showing, the trial court could and no doubt would make such further order respecting the right of the plaintiff to have the children visit her and to visit with them as the facts and circumstances warrant.

"In granting a divorce, where the custody of minor children is involved, it is the duty of the trial court in the final decree to make such provision for them as will best meet their needs, not only of maintenance, but of educational, social, and religious opportunities. When it appears that this duty, under all circumstances, has been done to their best advantage, this court will not reverse the decree as to them, though it may seem harsh, but it may subsequently be modified, if the conduct and situation of the parent warrants it." Tobin v. Tobin, 89 Okla. 12, 213 Pac. 884.

By reason of our conclu ns herein, this

cause is reversed and remanded with directions to the trial court to modify its judgment and decree in accordance with the views herein expressed, by awarding and decreeing to the plaintiff, Rhoda K. McAdoo, possession and all title, right, and interest in and to the west half of the southeast quarter of section 32, township 9 north, range 26 east; that the judgment be further modified so as not to assume to bar and exclude the plaintiff from her homestead right and interest in and to the 80 acres of land comprising and used as a homestead. Otherwise, the judgment of the trial court is affirmed.

BENNETT, TEEHEE, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Divorce," 19 C. J. §478, p. 193, n. 30; §479, p. 194, n. 36; §775, p. 333, n. 40, §795, p. 343, n. 10; §810, p. 351, n. 42. "Husband and Wife," 30 C. J. §905, p. 1092, n. 84; §906, p. 1093, n. 92.