## ADAMS v. ADAMS.

No. 19098.    Opinion Filed Nov. 26, 1929.

Owen & Looney and Edwards & Robinson, for plaintiff in error.

Warren K. Snyder, for defendant in error.

LESTER, V. C. J. The parties on appeal appear in the same position as in the district court and will be referred to as plaintiff and defendant.

The plaintiff brought an action against the defendant for alimony and suit money. The defendant filed an answer and cross-petition and prayed for absolute divorce from the plaintiff. Upon trial of the cause the plaintiff amended her petition and asked for an absolute divorce. The court, after hearing the testimony, rendered an absolute divorce to the defendant upon his cross-petition and allowed the plaintiff $600 as alimony and an additional sum of $300 as attorney's fee. From this judgment the plaintiff has appealed.

It will serve no useful purpose to discuss the evidence relating to the marital relations between the parties. The judgment of the court in granting an absolute divorce to the defendant is not clearly against the weight of the evidence, and, therefore, that part of the judgment will not be disturbed.

The evidence discloses that the plaintiff and defendant were industrious and during the time they lived together as husband and wife they accumulated considerable property.

The defendant testified:

"Q. What statement did you make awhile ago in answer to your counsel's question what you considered yourself worth, your financial condition at this time? A. Probably about $15,000. By the Court: How much were you worth when you married Mary Adams? A. Probably worth about $10,000 over and above my debts."

Thus it will be observed that the defendant in his testimony admitted an increase of his wealth in the sum of $5,000 during his marriage with plaintiff. The evidence shows that the plaintiff took possession of the furniture that was bought by the defendant and retained the same, which was of the approximate value of $800; that the plaintiff was allowed attorney's fee, suit money, and alimony by the court, which amounted to approximately $1,000. In a case of the character here presented the relation between the parties becomes so embittered that their testimony is materially affected by their emotions of hate and prejudice and it is difficult from the evidence to approximate the value of the property owned by them. After a full review of all the evidence from the record, we think the judgment of the district court should be modified to the extent of allowing the plaintiff an additional sum of $500 as her equitable interest in the property accumulated during the time that these parties lived together as husband and wife, and also the additional sum of $100 as attorney's fee. It is true that the defendant claimed that he paid out large sums of money to the plaintiff in addition to that allowed her by the court, but the plaintiff's testimony tended to show that the defendant during his marriage with the plaintiff accumulated a greater amount of wealth than admitted by him at the trial of the cause.

In the case of Hughes v. Hughes, 131 Okla. 33, 267 Pac. 620, this court said:

"Where a divorce is granted the husband because of the fault of the wife, the court should make a fair and equitable division of the property acquired by the joint industry of the parties during marriage, but in such case no division should be made of the separate property of the husband acquired prior to the marriage."

See Tobin v. Tobin, 89 Okla. 12, 213 Pac. 884; Thompson v. Thompson, 70 Okla. 207, 173 Pac. 1037; Davis v. Davis, 61 Okla. 275, 161 Pac. 193; Moody v. Moody, 120 Okla. 129, 250 Pac. 916.

Judgment of the district court is therefore modified to the extent of allowing the plaintiff an additional sum of $500 as representing her equitable interest in the property held by the defendant, but accumulated by the joint industry of the plaintiff and defendant, and also the additional sum of $100 as attorney's fee.

MASON, C. J., and HUNT, CLARK, RILEY, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur.